## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MARINA KLEPACKI<br>333 Pine Street Apt 3R<br>Philadelphia, PA 19106<br><br>Plaintiff,<br><br>v.<br><br>LOEWS PHILADELPHIA HOTEL<br>1200 Market St.<br>Philadelphia, PA 19107<br><br>Defendant | JURY DEMANDED<br><br><br>No. |

## CIVIL ACTION COMPLAINT

And now Plaintiff, MARINA KLEPACKI by and through her undersigned counsel, files this Complaint alleging that her rights, pursuant to Title VII of the Civil Rights Act of 1964; as amended, 42 U.S.C. Section 2000(d), et. seq., (Title VII"), and the Pennsylvania Human Relations Act ("PHRA"), have been violated and avers as follows:

### I. Parties and Reasons for Jurisdiction.

1. Plaintiff, Marina Klepacki (hereinafter "Klepacki"), is an adult individual residing at the above address.

2. Defendant, Loews Philadelphia Hotel (hereinafter "Defendant"), is a corporation organized and existing under the laws of Pennsylvania, with a principle place of business at the above address.

3. At all times material hereto, Defendant acted by and through its agents, servants, and employees, each of whom acted at all times relevant herein in the course and scope of their employment with and for Defendant.

4. Ms. Klepacki exhausted her administrative remedies pursuant to the Equal Employment Opportunity Act filed with the EEOC on March 18, 2020 with a request for dual filing. (See Exhibit "A," a true and correct copy of a dismissal and notice of rights issued by the Equal Employment Opportunity Commission.)

5. This action is instituted pursuant to the Civil Rights Act of 1964, the Pennsylvania Human Relations Act, and applicable federal and state law.

6. Jurisdiction is conferred by 28 U.S.C. §§ 1331 and 1343.

7. Supplemental jurisdiction over Ms. Klepacki's state law claims is conferred pursuant to 28 U.S.C. § 1367.

8. Pursuant to 28 U.S.C. § 1391(b)(1) and (b)(2), venue is properly laid in this district because Defendant conducts business in this district, and because a substantial part of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district. Ms. Klepacki was working for Defendant in the Eastern District of Pennsylvania at the time of the illegal actions by Defendant as set forth herein.

**II. Administrative Remedies**

9. On or about March 4, 2020, Ms. Klepacki filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"), which was docketed as EEOC Charge No. 530-2020-03222, alleging discrimination from her employer Loews Philadelphia Hotel, and dual filed with the Pennsylvania Human Relations Commission ("PHRC").

10. Ms. Klepacki has been advised of her individual right to bring a civil action by receiving a Notice of Rights from the EEOC, dated August 6, 2020.

11. Ms. Klepacki has exhausted the administrative remedies available to her, and all necessary and appropriate administrative prerequisites to the filing of this Complaint have occurred and been satisfied.

### III. Operative Facts.

12. Defendant hired Ms. Klepacki on November 10, 2010.

13. Ms. Klepacki was a strong performing employee during her tenure with Defendant.

14. On April 19, 2019, Defendant evaluated Ms. Klepacki's job performance via a Team Member Performance Appraisal. In the appraisal, she received ratings of "Talented" and "Competent" regarding her job performance over the course of the last year.

15. A "Talented" rating indicates that she, "frequently surpasses minimum acceptable accuracy and neatness requirements. Very few errors. Carries out instructions well. Needs little supervisor.

16. A "Competent" rating indicates that, "work is generally complete and accurate. A careful worker.

17. During the course of Ms. Klepacki's employment, she experienced racial harassment and discrimination from most of the employees and supervisors at Defendants.

18. Ms. Klepacki was the only Eastern European Caucasian room attendant and was subject to daily harassment by the other African American and Hispanic room attendants.

19. Ms. Klepacki was accused of being a part of the KKK.

20. Ms. Klepacki would often being called "Whitey" or "Donald Trump" by the other employees.

21. Ms. Klepacki experienced harassing comments in passing, in writing and was laughed at.

22. Ms. Klepacki suffered anxiety attacks at work as a result of the harassment. After one such panic attack, staff called an ambulance; however, didn't assist her further.

23. Ms. Klepacki advised management when she was hired that she suffered from depression.

24. Following Ms. Klepacki's trip to the hospital, she had to take two weeks off of work due to her depression being exacerbated.

25. Ms. Klepacki reported the harassment to her superiors on numerous occasions and to Human Resources via a written letter, but the harassment continued unabated.

26. Ms. Klepacki's supervisor began following her around from room to room micromanaging her work after she filed her complaint.

27. Ms. Klepacki again wrote a letter to Human Resources ("HR") asking for the continued harassment to stop and also asking for answers to her previous complaint filed.

28. On November 24, 2019, Ms. Klepacki was approached by one of the harassing managers, Shannon Johnson and was told she had to finish all of her work on time, without going into overtime.

29. Ms. Klepacki informed her manager that it was not possible to finish all of those rooms in 20 minutes.

30. In response, Ms. Johnson said "do you want to go home, you can get your things and go home."

31. Ms. Klepacki informed Ms. Johnson that she did not want to go home, she wanted to continue her work.

4

32. Ms. Klepacki went upstairs to finish her work and received a message from Ms. Johnson to come to the office with her things.

33. Ms. Klepacki was met by Ms. Johnson and security and was escorted off of the property.

34. Ms. Klepacki asked if she was being terminated and Ms. Johnson said yes, for saying "f******g b***h."

35. On November 27, 2019, Human Resources requested that Ms. Klepacki come in for a meeting, where she was given a paper stating that the intolerance of profanity and was told they have to "go their separate ways."

36. Ms. Klepacki has heard many occasions of other employees using profanity without being terminated.

37. Ms. Klepacki believes that Defendant's stated reason for her termination was a pretext for their discriminatory actions and subsequent retaliation against Ms. Klepacki for reporting discriminatory conduct to HR.

IV. Causes of Action.

COUNT I
VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT
EMPLOYMENT DISCRIMINATION
(42 U.S.C.A. § 2000e-2(a))

38. Ms. Klepacki incorporates paragraphs 1-37 as if fully set forth at length herein.

39. Defendant took adverse action against Ms. Klepacki by pervasively harassing her because of the color of her skin.

40. Ms. Klepacki is Caucasian.

41. Ms. Klepacki being Caucasian was a motivating factor in Defendant's decision to harass her.

42. As such, Defendant's pervasive harassment of Ms. Klepacki is an unlawful employment practice, under 42 U.S.C. § 2000e-2(a).

43. As a proximate result of Defendant's conduct, Ms. Klepacki sustained significant damages, including but not limited to: great economic loss, future lost earning capacity, lost opportunity, loss of future wages, loss of front pay, loss of back pay, as well as emotional distress, mental anguish, humiliation, pain and suffering, consequential damages and Ms. Klepacki has also sustained work loss, loss of opportunity, and a permanent diminution of earning power and capacity and a claim is made therefore.

44. As a result of the conduct of Defendant's owners/management, Ms. Klepacki hereby demands punitive damages.

45. Pursuant to the Civil Rights Act of 1964, 42 U.S.C. §2000e-2(a), et seq Ms. Klepacki demands attorneys' fees and court costs.

## COUNT II
## VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT
## HARASSMENT

46. Ms. Klepacki incorporates the preceding paragraphs as if fully set forth at length herein.

47. Ms. Klepacki had to endure pervasive and regular harassment from her supervisors and co-workers when, was retaliated against by supervisors, was ostracized by her coworkers, and was subject to repeated threats because she made complaints about unlawful race-based harassment and discrimination.

48. This harassment by her managers and co-workers detrimentally affected her in that, among other things she suffered physical pain, embarrassment, humiliation, emotional distress, and disruption to her life because of Defendant's actions.

49. The harassment by her managers and co-workers would detrimentally affect a reasonable person for all of the reasons stated herein, as the harassment and its results would cause decreased wages, pain, drying up, lost wages, and embarrassment and humiliation to a reasonable person.

50. The harassment of Ms. Klepacki by Defendant's employees was willful and intentional.

51. Despite Ms. Klepacki complaining about these issues to Defendant's supervisors, no meaningful remedial action was taken with respect to the harassment.

52. This willful, intentional, and unlawful race-based harassment and discrimination violates the laws and regulations of the United States, including without limitation, 42 U.S.C § 2000e, *et seq.* and requires the imposition of punitive damages.

### COUNT III
### VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT
### RETALIATION

53. Ms. Klepacki incorporates the preceding paragraphs as if set forth more fully at length herein.

54. As set forth above, Ms. Klepacki made complaints about racial discrimination and harassing conduct in workplace and as such, Ms. Klepacki was engaged in protected activity under Title VII of the Civil Rights Act.

55. Defendant took adverse action against Ms. Klepacki by terminating her employment.

56. As set forth above, Ms. Klepacki's participation in protected activity was a motivating factor in Defendant's decision to terminate her employment.

57. As such, Defendant's decision to terminate Ms. Klepacki's employment is a retaliatory action prohibited by the Civil Rights Act of 1964, §704(a).

58. As a proximate result of Defendant's conduct, Ms. Klepacki sustained significant damages, including but not limited to: great economic loss, future lost earning capacity, lost opportunity, loss of future wages, loss of front pay, loss of back pay, as well as emotional distress, mental anguish, humiliation, pain and suffering, consequential damages and Ms. Klepacki has also sustained work loss, loss of opportunity, and a permanent diminution of earning power and capacity and a claim is made therefore.

59. As a result of the conduct of Defendant, Ms. Klepacki hereby demands punitive damages.

60. Pursuant to the Civil Rights Act of 1964, §704(a), 42 U.S.C. §2000e-3(a), *et seq.*, Voss demands attorneys' fees and court costs.

## COUNT IV
## VIOLATION of the PENNSYLVANIA HUMAN RELATIONS ACT

61. Ms. Klepacki incorporates all the preceding paragraphs as if they were set forth at length herein.

62. Based on the foregoing, Ms. Klepacki alleges that Defendant violated the Pennsylvania Human Relations Act ("PHRA") by subjecting her to discrimination on the basis of her race. Ms. Klepacki further alleges that Defendant violated the PHRA by terminating her employment for making complaints of racial discrimination and harassment.

63. Ms. Klepacki further alleges that Defendant violated the PHRA by retaliating against Ms. Klepacki for her making complaints of racial harassment and discrimination.

64. Defendant's conduct caused Ms. Klepacki to sustained significant damages, including but not limited to: great economic loss, future lost earning capacity, lost opportunity,

loss of future wages, loss of front pay, loss of back pay, loss of tips as well as emotional distress, mental anguish, humiliation, pain and suffering, consequential damages and Ms. Klepacki has also sustained work loss, loss of opportunity, and a permanent diminution of her earning power and capacity and a claim is made therefore.

65. As a result of the conduct of Defendant, Ms. Klepacki hereby demands punitive damages.

66. Pursuant to the Pennsylvania Human Relations Act, 43 P.S. § 951, *et seq.* Ms. Klepacki demands attorneys' fees and court costs.

**WHEREFORE**, Plaintiff, Marina Klepacki, demands judgment in her favor and against Defendant, Loews Philadelphia Hotel, in an amount in excess of $150,000.00 together with:

A. Compensatory damages, including injury to reputation, mental and emotional distress, pain and suffering

B. Punitive damages;

C. Attorneys' fees and costs of suit;

D. Interest, delay damages; and,

E. Any other further relief this Court deems just proper and equitable.

LAW OFFICES OF ERIC A. SHORE, P.C.

BY: *[signature]*
MARY LEMIEUX-FILLERY, ESQUIRE
Two Penn Center, Suite 1240
1500 John F. Kennedy Boulevard
Philadelphia, PA 19110
Tel.: (267) 546-0132
Fax: (215) 944-6124
Email: Maryf@ericshore.com
*Attorney for Plaintiff, Marina Klepacki*

Date:_____

9

## VERIFICATION

I, Marina Klepacki, verify that the statements made in the foregoing Civil Action Complaint are true and correct to the best of my knowledge, information and belief.

I understand that false statements herein made are subject to penalty of law, relating to unsworn falsification to authorities.

Sep 23, 2020

(Date Signed)

*MKlepacki*
Marina Klepacki (Sep 23, 2020 12:25 EDT)

Marina Klepacki